Please the court. Good morning. My name is Donald Schwartz. I am here on behalf of Appellant Hong Gardner. I'm reminded, if I might be expansive for a moment, of being a 23-year-old senior financial analyst in the staff of the Assistant Attorney General in charge of the Antitrust Division in the United States Department of Justice in Washington. And a memorandum crossed my desk in 1983 and it said there are three issues facing our civilization. Are we going to blow ourselves up? Can we live harmoniously with the environment, which brings us here today? And can we control corporate power, which may be also what brings us here today? And while this is just a gas station site in a ghetto location in Oakland, I remind the court that the water table below that site is seven feet and it goes right out to San Francisco Bay. So this is a very important matter. The legal issues raised here, we don't believe, have been addressed by the Ninth Circuit or even the US Supreme Court. And the question is, this was a, the case was dismissed in the early pleading phase. The plaintiff pleaded that CERCLA, the liability exemption under CERCLA did not apply because hydraulic fluids from a below-grade hydraulic lift, apparently, was discovered in the soil. Can I just jump to my main question about your case? It seems that you have alleged that there's contamination in some of the fluids. Correct. And I'm wondering whether there's anything you could say if we gave you a chance to amend to explain what that contamination is and what your factual basis for thinking it exists is. Well, there's hydraulic fluids, which... Right, so hydraulic fluids on their own don't bring you into CERCLA. So what contamination? Could you identify, could you allege specific contamination and what would be the basis for that? What kind of substance that is covered by CERCLA could you say is in that contamination or could you? Well, we did allege... Well, you've alleged a lot of petroleum products that are exempted. Now, if they're contaminated by something that is covered by CERCLA, you might have an argument. But so far, you haven't identified those contaminants. And I'm wondering, if we give you a chance to amend, could you, consistent with Rule 11, or have you said everything you can say? There is some discovery that needs to be done. Right, but you don't get discovery unless you have a complaint that can survive a motion to dismiss. So at this point, do you have any basis consistent with Rule 11 to identify the contaminants? My wife informs me, and we are so informed by the Alameda County Health Department. What contaminants do you think are there? Recycled oil products. Right, so those are petroleum products. So what contamination is in those recycled oil products? Hydraulic fluids. I don't believe... I don't believe these are... it's been decided that these, because they are also mixed in with hydrocarbon products, that they come under the CERCLA exclusion. Right, but the question that hasn't been decided yet is whether contaminated petroleum can still be covered because of the contaminants. And so, but you still have to explain that there are contaminants that are in CERCLA. And so far, you've said there are contaminants, but without identifying them. So we don't know whether they're in CERCLA or not or whether there's any reason to think they're in CERCLA. Okay, well I... you mentioned Rule 11. I believe that there's hydraulic fluids and recycled waste oil products that have all been mixed together in the soil underneath the site. And we believe, reasonably, from the Alameda County Department of Health, that further investigation would reveal these products. That would reveal products which, as we alleged, are chemical compounds that have contaminated the site during use. In other words, they've all been mixed together. And can you identify any contaminant that is not a reaction? Anything else that you think is on this site? It's my understanding that hydraulic fluids are not petroleum – are not under the... But are hydraulic fluids hazardous waste controlled by – covered by CERCLA? I would most certainly believe so, yes. It's a... Well, what is your basis? What can you cite to show that hydraulic fluid is a substance covered by CERCLA? Because it's under the CERCLA... under the broad umbrella of what CERCLA covers, which is hazardous waste. And we... How do we know that hydraulic fluid is hazardous waste? Well, we cited a... we cited the Valley Bank case, which cites a EPA memorandum which discusses that. I would just have to refer to my briefing on that. CERCLA defines hazardous waste and lists a number of substances. And is hydraulic fluid listed? I believe so. The EPA – in the Valley case, the EPA General Council discusses a number of refined and unrefined petroleum fractions, which trigger a CERCLA response action. And I think that hydraulic fluids, if the court were in doubt, I think we need to go back down and figure out if hydraulic fluids – it stands to reason that hydraulic fluids, which would come from a lift in a gas station, among other places, including automobile, automotive... Why should we give you leave to amend in any event when the district court pointed out the deficiencies, gave you a leave to amend, and you were still not able to cure the deficiencies? Well, we believe that deficiencies work here. Well, if that's true, then it's not – you don't need a further leave to amend. Either you are correct that your present complaint should not have been dismissed, or there's no need for further amendment, right? Because it would be contrary – you're not saying we have lots of other things to say. You're saying we think the judge was wrong to dismiss our complaint, right? I believe that we've met the pleading standard. That's correct. And I'd like to reserve the rest of my time. Okay. Very well. Let's hear from counsel for the defendant. Well, good morning, and may it please the court. Robert Goodman for Chevron Capital Corporation. We believe that the complaint was correctly dismissed, the second amended complaint. You review that decision de novo, of course, but we believe, as evidenced by counsel's argument, that the second amended complaint does not identify any release of any hazardous substance that falls outside of the patrolling exclusion. As a result – Is hydraulic fluid a hazardous substance covered by CERCLA? It is not. It is – hazardous substances are identified – they're defined in 9601.14. They are listed in 40 CFR 302.4, an extensive list, and hydraulic fluid is not. Hydraulic fluid may sometimes have contaminants in it that are hazardous substances, but there have been no allegations in the three iterations of this complaint that hydraulic fluid contained any hazardous substances. And so we submit that when you look at the well-pleaded allegations in this complaint, there are no allegations of a release by hazardous substances, and thus it fails to meet Rule 8's pleading standards. The CRA report that was attached to the complaint, was that about an investigation that was looking for petroleum products specifically? I'm wondering whether it would have said anything about things other than petroleum, even if they existed. It would have, Judge Friedland. The CRA report identifies a number of other substances that were analyzed for. It looked for volatile organic compounds. It also looked for – it looked for metals. It looked for a number of other contaminants. And it only – at least the portions that are attached to the complaint and incorporated into it only refer to petroleum hydrocarbons being discovered. Now, the second amended complaint does allege that the plaintiff conducted its own investigation, but there is no discussion of what hazardous substances were discovered in that investigation other than xylene, which it says – which it says is not subject to the CERCLA hazardous petroleum exclusion, but it doesn't give any factual context for that, and thus doesn't meet Rule 8's requirements, in our view. So we think that the complaint viewed de novo does not – be beyond the CRA report. I mean, the district court seemed to treat it as the CRA report is the entire universe. If they had done another study, they could, in theory, amend and tell us about it. It doesn't sound like they're prepared to do that. But in theory, that was possible. Well, of course it was. And Judge Donato, when he dismissed the first – first amended complaint, laid out nine specific issues to be identified. Four or five of them deal with the CERCLA claim. And they say, tell us – tell me what hazardous substances are there that are not subject to the petroleum exclusion. They were given three chances to do that and didn't do it. I don't think Judge – Judge Donato didn't say that the CRA report was the be-all, end-all, but in terms of considering a motion to dismiss, that's all – he looked at the – he looked at the complaint, and that report's included in the complaint. And so the complaint, when you accept the – is the point, right? It wasn't that he said they can – could not do more. It's that they didn't do more. They just gave the reference back to that report. That's right, Judge Rakoff. And – and he said, when he dismissed the second first amended complaint, the trial judge said, you need to tell me what hazardous substances are there that are not subject to the petroleum exclusion. And it didn't happen. And I think, you know, going to the second prong of the issues before you, I think that's why the – the dismissal of the complaint without leave to amend was not an abuse of discretion. It was well within Judge Donato's discretion, given the ample chances that he gave the plaintiff to amend the complaint. And we heard here this morning that there's nothing more to add, apparently. So unless there are further questions, I'm pleased to submit. Thank you. Thank you very much. Let's hear from the plaintiff. You have a little bit of time for rebuttal. Thank you. We also pleaded xylene, which was in the test attached to the complaint, from a non-petroleum source. Now, in the neighborhood of that – I know we're getting back to Rule 11 here. In the neighborhood where this gas station sits, not surprisingly, there's adjacent dry cleaners, there's shopping centers, things like this. And there needs to be further factual tracing and investigation, if it's possible, to see if the xylene is from the defendant's use of the property or from some neighbor. We don't know. But – But why isn't that your burden? To get around the exception, it's not enough to just say xylene from a non-petroleum source. You have to say what the source is. Well, this is a complaint. This is – you know, it seems like we've slipped into a summary judgment motion. And – If you're saying it's from the dry cleaner, though, I don't even understand why this is the right defendant. It seems like you need a theory that they're the defendant for whatever the – I thought that that's what discovery is about, that we would take some depositions and get some documents and maybe bring in another defendant. Who knows? But we're talking about the pleading phase of a case. I mean, the – yeah, the pleading phase of this case. And it seems like it's a crass, broad brush to just throw it out on that basis. OK, thank you. Thank you. The case just argued will be submitted. We will take a short recess. Five, 10 minutes. Something like that. But we will be back shortly.
judges: Watford, Friedland, Rakoff